**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| AARON MEYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 04-cv-585-MJR |
| | ) |
| UNION ELECTRIC COMPANY d/b/a | ) |
| AMERENUE, | ) |
| AARON BAGLEY, and | ) |
| CHERYL DICKERSON, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM and ORDER

**REAGAN, District Judge:**

Plaintiff Aaron Meyer filed suit in the Circuit Court of Madison County, Illinois against Defendants Union Electric Company doing business as AmerenUE (hereafter Ameren), Aaron Bagley and Cheryl Dickerson (Doc. 2). In his three-count complaint, Meyer alleges that on July 11, 2002, while working as a lineman for SBC/Ameritech, he was injured when descending a power pole owned and maintained by Ameren as a portion of the pole was shell rotted. In Count One, Meyer brings a claim for negligent maintenance of the pole against Ameren. In Counts Two and Three, Meyer brings negligence claims against Bagley and Dickerson, respectively, as the onwers of the property upon which the power pole was located.

Ameren then removed the action to this United States District Court, invoking subject matter jurisdiction under the federal diversity statute, **28 U.S.C. § 1332** (Doc. 1). While both diversity of citizenship amongst the parties and the requisite amount in controversy needs to be present in order to invoke removal pursuant to Section 1332, Ameren argues in its notice of removal

that it properly invoked Section 1332 in spite of diversity of citizenship not being complete between the parties – Meyer, Bagley and Dickerson are all citizens of Illinois[1] – as Meyer fraudulently joined Bagley and Dickerson to defeat diversity jurisdiction. Ameren asserts that Meyer cannot state a negligence claim against Bagley and Dickerson as neither owed a duty to Meyer as they did not have ownership or control over Ameren's power pole, and as such, were fraudulently joined. Ameren states that as the two were fraudulently joined, diversity jurisdiction applies as diversity of citizenship is complete amongst the remaining parties – Meyer is an Illinois citizen and Ameren is a Missouri citizen – and the amount in controversy exceeds $75,000. *See* **28 U.S.C. § 1332.**

Unsurprisingly, now before the Court is Meyer's motion to remand (Doc. 11) and objections to Ameren's notice of removal (Doc. 9). Ameren responded in opposition to Meyer's motion to remand (Doc. 12). This matter being fully briefed, the Court finds as follows.

## Analysis

Because Ameren is the party seeking removal, it bears the burden of establishing that it complied with the requirements of the removal statute. *P.P. Farmers' Elevator Co. v. Farmers Elevator Mutual Insur. Co.*, 395 F.2d 546, 548 (7th Cir. 1968)(**"The burden of proof as to any controverted material issue is upon the party who removed to show that the suit was properly removed."**); *London v. Accufix Research Institute, Inc.*, 953 F.Supp. 255, 256 (N.D. Ill. 1997)(**"[T]he party petitioning for removal bears the burden of establishing compliance with the removal statute's requirements."**). Ameren must meet its burden by a preponderance of the evidence. *Cf. Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir.1993)(**removing defendants**

---

[1] Ameren is a citizen of Missouri as Missouri is both Ameren's state of incorporation and principal place of business. Doc. 2, p. 3.

**must establish jurisdiction by a preponderance of the evidence).** The United States Court of Appeals for the Seventh Circuit has directed district courts to resolve doubts regarding jurisdiction "in favor of the states." *Doe v. Allied-Signal, Inc.*, **985 F.2d 908, 911 (7th Cir. 1993).**

As Bagley and Dickerson are Illinois citizens, this Court lacks subject matter jurisdiction over this matter unless both parties were fraudulently joined. A party is fraudulently joined when "there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts." *Gottlieb v. Westin Hotel Co.*, **990 F.2d 323, 327 (7th Cir. 1993).** As no outright fraud exists in Meyer's pleading of jurisdictional facts, Ameren must clear a high hurdle to demonstrate fraudulent joinder. Ameren must show that, after resolving all issues of fact and law in favor of Meyer, Meyer cannot establish a cause of action against the in-state defendants. *See Poulos v. Naas Foods, Inc.,* **959 F.2d 69, 73 (7th Cir. 1992).**

In *Schwartz v. State Farm Mutual Auto Ins. Co.*, **174 F.3d 875, 878 (7th Cir. 1999)**, the Seventh Circuit held that joinder is fraudulent "and is therefore disregarded, if the out-of-state defendant can show there exists no 'reasonable possibility that a state court would rule against the [in-state] defendant.'" *Id., quoting Poulos*, **959 F.2d at 73.** In addition to the allegations contained in the parties' pleadings, the court may consider "summary judgement-type evidence," including depositions and affidavits, in determining whether a party has been fraudulently joined. *CC Indus., Inc. v. Ing/Reliastar Life Ins. Co.*, **266 F.Supp.2d 813, 815-16 (N.D. Ill. 2003).**

Ameren contends that Meyer has no reasonable probability of recovery against Bagley and Dickerson as neither owed a duty to Meyer because they did have ownership or control over Ameren's power pole. *See* Doc. 1, p. 3. Having carefully considered the record before the

Court, resolving all issues of fact and law in Plaintiff's favor, the Court finds that there is "no reasonable probability that a state court would rule against the in-state defendants" Bagley and Dickerson.

In Counts Three and Four, Meyer alleges that Bagley and Dickerson are the registered property owners of lot 10 of the McClure Subdivision, 211 Dorris Avenue, Alton, Illinois 62002. Meyer states that while working as a lineman on a power pole identified as "Ameren Outdoor lighting AME030970" located on Bagley and Dickerson's property at 211 Dorris Avenue, he was injured as he descended the power pole after losing his footing on a portion of the pole which was shell rotted. Meyer claims Bagley and Dickerson were negligent in the maintenance of their premises in allowing the power pole to exist on their property in a defective and dangerous condition, and was negligent in failing to warn Meyer and other forseeable users of the dangerous condition existing on their premises.

Under Illinois law, the uncontested controlling law in this matter, to state a cause of action for negligence, a plaintiff must establish "the existence of a duty of care owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach." ***Ward v. K Mart Corp.*, 554 N.E.2d 223, 226 (Ill. 1990).** Ameren contends that neither Bagley nor Dickerson owed a duty to Meyer as they did not have ownership or control over Ameren's power pole. Ameren asserts that nowhere in Meyer's complaint did he make an allegation that any condition of Bagley or Dickerson's property caused Ameren's power pole to became shell rotted. The Court agrees with Ameren.

It is not in dispute that Ameren owns the pole on which Meyer was injured. Plaintiff states in his complaint that the pole was identified as belonging to Ameren by a bar code stating

"Ameren Outdoor lighting AME030970". Doc. 1, p. 2. Ameren admits in its notice of removal that it in fact owns the power pole at issue, not Bagley and Dickerson. Doc. 1, p. 3. Further, Bagley and Dickerson do not own this power pole even though it may appear to be located on their lot as Ameren has an easement on their property so as to have their power pole there. *See Duresa v. Commonwealth Edison Co.*, **807 N.E.2d 1054 (Ill. App. Ct. 2004)(stating that "actual, open and obvious possession is constructive notice to all the world of whatever right the occupant has in the land...)**. *Cf. Longnecker v. Illinois Power Co.*, **381 N.E.2d 709 (Ill. App. Ct. 1978).**

An easement is a right or privilege in the land of another. *Seymour v. Harris Trust & Sav. Bank of Chicago*, **636 N.E.2d 985, 993 (Ill. App. Ct. 1994).** Two tenements are necessary to the creation of an easement – the dominant to which the right belongs, and the servient upon which the obligations rests. *Id.* In the case at bar, the dominant estate is that of Ameren and the servient estate is that of Bagley and Dickerson's. As for the relative rights and obligations of the owners of the dominant and the servient estates, "in the absence of an agreement to the contrary, the owner of the easement has not only the right but the duty to keep the easement in repair while the owner of the servient tenement has no duty to either put or keep the easement in repair." *Id.* **at 994.** As a result, Bagley and Dickerson have no duty to either put or keep Ameren's easement, the power pole in question, in repair.

Having reviewed the parties' pleadings, after resolving all issues of fact and law in favor of Meyer, the Court concludes that Meyer fraudulently joined Defendants Bagley and Dickerson (Illinois citizens). Bagley and Dickerson had no duty under the law to keep the power pole at issue in repair, and as such, there is no possibility that Meyer can state a cause of action for negligence against them. For this reason, the Court **DISMISSES** *with prejudice* Defendants Bagley

and Dickerson from this action as fraudulently joined.

The Court **FINDS** that diversity between the remaining parties is complete, and subject matter jurisdiction lies under **28 U.S.C. 1332.** Accordingly, the Court **DENIES** Meyer's motion to remand (Doc. 11). This case is now ready to be tracked.

**IT IS SO ORDERED.**

**DATED this 9th day of May, 2005.**

            **s/ Michael J. Reagan**
            **MICHAEL J. REAGAN**
            **United States District Judge**